IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ULMASKHON RUSTAMOVA,

        Plaintiff,

        v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

Case No. 3:13-cv-02322-SB

**FINDINGS AND
RECOMMENDATION**

BECKERMAN, Magistrate Judge.

Ulmaskhon Rustamova ("Rustamova") appeals the Commissioner of Social Security's
("Commissioner") partial denial of her application for supplemental security income under Title XVI
of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. Rustamova's argument on appeal is
that the Commissioner failed to meet her burden of showing, at step-five of the sequential evaluation
process, that she is able to perform other work existing in the national economy, and that the case
should be remanded for an immediate award of benefits. The Commissioner concedes that she

committed reversible error, but argues that the case should be remanded for further administrative proceedings, not an immediate payment of benefits. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3). For the reasons explained below, the Court recommends granting the Commissioner's motion (ECF No. 20) to remand for further administrative proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Rustamova is a forty-nine-year-old Uzbek woman who has the equivalent of an eighth-grade education.  Her past relevant work experience consists of employment as a dairy farm laborer.  She cannot speak, read, or understand English. After immigrating to the United States from Russia, where she received a disability pension, Rustamova filed an application for supplemental security income on November 29, 2006, alleging a disability onset date of November 1, 2004. Rustamova claims that she is disabled and unable to work due to degenerative disc disease, degenerative joint disease in her left knee, obesity, chronic pain syndrome, memory loss, and depression.

This is Rustamova's second appeal to the district court. In *Rustamova v. Astrue*, No. 3:11–cv–751–BR, 2012 WL 2178981, at *3 (D. Or. June 13, 2012) ("*Rustamova I*"), as in the present litigation, the Commissioner acknowledged that the Administrative Law Judge ("ALJ") committed reversible error during administrative proceedings. In *Rustamova I*, the Commissioner requested, and was granted, a remand for further proceedings, so that the ALJ could: (1) reevaluate the opinion of a physician; (2) further consider Rustamova's mental impairments of posttraumatic stress disorder and auditory hallucinations; (3) properly consider the lay witness testimony provided by Rustamova's son; (4) consider Rustamova's obesity; (5) update the record to include a Psychiatric Review Technique Form and/or psychiatric consultative examination; (6) reassess Rustamova's residual functional capacity assessment ("RFC"); and (7) "if necessary, consider further at [step-five

of the sequential process], with the assistance of additional testimony by a [vocational expert], whether [Rustamova] is able to perform other work in the national economy[.]" *Id*. at *3 & 7.

As in this second appeal, the parties in *Rustamova I* disputed whether the Commissioner had met her step-five burden of proving that Rustamova is able to perform other work in the national economy. At the first administrative hearing in January 2010, a vocational expert ("VE") testified that there "may be some types of assembly [jobs] that would be feasible . . . but certainly not the full range of those occupations." (Tr. 423.) The VE further testified that while thousands of relevant assembly jobs exist, those numbers would be reduced in light of Rustamova's sedentary limitations and language barrier:

> We would definitely be looking at a reduction of the numbers. State-wide figures show 8,900 with just over 288,000 nationally. We'd be looking at a reduction in numbers both due to the sedentary factor and the language barrier. And there's really not a way to gauge what percentage of jobs would be rendered infeasible, but the majority of them, I –

(Tr. 424.) The ALJ asked, "[w]ould you say a thousand – or more than a thousand would be available at the sedentary level?" (Tr. 424.) The VE responded, "at the sedentary level, yes[,]" but then clarified, "[b]ut if there's complete illiteracy in English, even in terms of giving and receiving basic instructions, that's – in my opinion, that's a more significant barrier by far than the sedentary restriction." (Tr. 424.)

In his original opinion, the ALJ concluded that based on the above VE testimony that "more than 1,000 jobs would be available at the sedentary level," there were existing jobs in significant numbers in the national economy that Rustamova could have performed, and therefore the ALJ found Rustamova to be "'not disabled.'" (Tr. 18.) On appeal, the *Rustamova I* court, reviewing the VE testimony, found that "the VE *appears to testify* that *fewer than* 1,000 small-products assembly

jobs would actually be available to Plaintiff." *Rustamova I*, 2012 WL 2178981 at *7 (emphasis added).  Noting that there is no "bright line [rule] as to the number of jobs that constitute a 'significant number' at [s]tep [f]ive," the *Rustamova I* court concluded that the VE's testimony did "not clearly establish the Commissioner failed to meet h[er] burden at [s]tep [f]ive." *Id.* The *Rustamova I* court remanded the case for further proceedings. *Id*.

On remand, the same ALJ convened a second administrative hearing, on July 30, 2013. (Tr. 1376-83.) At the eight-minute hearing, the ALJ heard testimony from Rustamova, who was represented by counsel and assisted by an interpreter. The VE who appeared at the first hearing was also present for the second hearing, but the ALJ did not ask the VE any questions. Rather, the ALJ simply noted that he had a copy of the transcript from the first hearing.

In a written decision issued on September 24, 2013, the ALJ applied the five-step sequential evaluation process, and found that Rustamova was disabled on and after March 1, 2011, but was not disabled prior to March 1, 2011. (Tr. 430-443.) A year later, the Social Security Administration Appeals Council denied Rustamova's petition for review, making the ALJ's order the final agency order.  Rustamova timely appealed to the district court.

## II. THE FIVE-STEP SEQUENTIAL PROCESS

### A.    Legal Standard

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining

whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*

*Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are as follows:

> (1) Is the claimant presently working in a substantially gainful activity?  (2) Is the claimant's impairment severe?  (3) Does the impairment meet or equal [one of the listed impairments]?  (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25. The claimant bears the burden of proof for the first four steps in the process.

*Bustamante v Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the

burden at any of those four steps, then the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S.

137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the process, where the

Commissioner must show the claimant can perform other work that exists in significant numbers in

the national economy, "taking into consideration the claimant's residual functional capacity, age,

education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the

Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954

(citations omitted).

**B**.   **The ALJ's Decision**

At the first step of the five-step sequential evaluation process, the ALJ found that Rustamova

had not engaged in substantial gainful activity since November 1, 2004, the alleged disability onset

date. At the second step, the ALJ found that Rustamova had the severe impairments of degenerative

disc disease of the lumbar spine, obesity, degenerative joint disease in the left knee, depression,

posttraumatic stress disorder, and anxiety disorder.

At the third step, the ALJ found that Rustamova's combination of impairments were not the equivalent of those on the Listing of Impairments prior to March 1, 2011, the date she became disabled.[1] The ALJ then assessed Rustamova's RFC and found that prior to March 1, 2011, she could lift and carry ten pounds frequently and twenty pounds occasionally, sit for up to six hours and stand or walk for up to two hours in an eight-hour workday, and perform simple, repetitive tasks. The ALJ also indicated that Rustamova was illiterate in English and could have no contact with the public.

At the fourth step, the ALJ noted that Rustamova was unable to perform any past relevant work. At the fifth step, the ALJ found that, in light of Rustamova's age, education, work experience, and RFC, and based only on the VE testimony from the first hearing, there were jobs existing in significant numbers in the national economy that she could perform prior to March 1, 2011. The ALJ concluded that Rustamova was not disabled prior to March 1, 2011, as defined by the Social Security Act. (Tr. 430-443.)

The Commissioner has now conceded that "[i]t was error for the ALJ to rely upon the earlier vocational expert testimony, as this opinion was found to not be based on substantial evidence largely forming the basis of the remand." (Def.'s Br. & Mot. Remand at 4.)

### III. STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner has conceded error, and the only question presented in this

---

[1] The Listing of Impairments is found at 20 C.F.R. Part 404, Subpart P, Appendix 1, and described at 20 C.F.R. §§ 404.1525, 404.1526, 416.925, 416.926.

appeal is whether the Court should remand for further administrative proceedings or an immediate award of benefits.

## IV. DISCUSSION

Upon a review of the record, the Court agrees with the parties that the Commissioner failed to meet her burden at step-five of the sequential evaluation process. The Commissioner concedes error, but opposes remand for an immediate award of benefits, claiming that "issues remain outstanding that prevent a final determination as to [Rustamova]'s disability from being made upon this record[.]" (Def.'s Br. & Mot. Remand at 5.) The Commissioner acknowledges the need for "further administrative proceedings at step five of the sequential evaluation to determine if there were a significant number of jobs Plaintiff could perform prior to March 1, 2011, with the assistance of expert vocational testimony." (Def.'s Br. & Mot. Remand at 4.) Rustamova responds that the Commissioner "identifies no issue that her ALJ has not already had the chance to consider twice." (Pl.'s Reply Br. at 3.)

This Court agrees with Rustamova that it is unfair to remand this case to allow the Commissioner a third opportunity to satisfy her burden at step-five of the sequential evaluation process. In the absence of controlling precedent, this Court would agree that the appropriate result here, where the Commissioner has twice failed to satisfy her step-five burden, is remand for an immediate award of benefits. Unfortunately, however, this Court is bound by precedent to remand the case for further administrative proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."); *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (reversing district court's

remand for immediate award of benefits, and holding that "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be").

The Supreme Court has instructed that when "the record before the agency does not support the agency action, . . . the agency has not considered all relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (cited in *Treichler*, 775 F.3d at 1099). This "ordinary 'remand' rule" applies to Social Security cases. *Treichler*, 775 F.3d at 1099 (citations omitted).

In *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988) ("*Varney II*"), the Ninth Circuit recognized certain circumstances that may justify departing from the ordinary remand rule, and "subsequently distilled the *Varney* rule (sometimes referred to as the 'credit-as-true' rule) into [a three-prong inquiry.]" *Treichler*, 775 F.3d at 1100; *see also Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (explaining how this circuit has "devised a three-part credit-as-true standard" since *Varney II*).

Applying this rule, the district court begins by asking whether the ALJ erred. *Treichler*, 775 F.3d at 1100-01. Second, if the ALJ erred, the district court "determine[s] whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id*. (internal citations and quotation marks omitted). Third, and finally, if the district court "conclude[s] that no outstanding issues remain and further proceedings would not be useful, [it] may

apply [the Ninth Circuit's] prophylactic *Varney* rule," and "then determine whether the record, taken

as a whole, leaves not the slightest uncertainty as to the outcome of [the] proceeding[.]" *Id*. (internal

citations and quotation marks omitted).

In *Treichler*, the Ninth Circuit instructed that district courts may remand for benefits only in

"'rare circumstances' . . . where no useful purpose would be served by further administrative

proceedings and the record has been thoroughly developed." *Treichler*, 775 F.3d at 1100 (citations

omitted); *but see Smith v. Colvin*, 554 F. App'x 568, 569 (9th Cir. 2014) (pre-dating *Treichler*, and

holding that "the Commissioner did not meet her burden at step five of demonstrating that

substantial gainful work exists in the national economy" and "therefore revers[ing] the district court

and remand[ing] for award of benefits").

Here, the unfortunate state of the record is that it has not been fully developed, despite the

nine-year tenure of Rustamova's claim. *Cf. Naggeye v. Colvin*, --- F. Supp. ---- , 2014 WL 4187516,

*2 (D. Or. Aug. 20, 2014) (remanding for an immediate award of benefits and noting that where the

"ALJ was unable to justify his decision in a satisfactory manner after the first remand, there is no

reason to give him a third bite at the apple[,]" but where the record was sufficiently developed to

justify a finding of disability). The issue of whether a sufficient number of jobs exist in the national

economy for someone with Rustamova's age, education, experience, and RFC, must be resolved

prior to a disability determination. The VE testimony elicited at the first administrative hearing is

ambiguous as to how many, if any, such jobs exist. This Court concludes from its reading of the

record (excerpted above) that the VE never clearly answered that question at the 2010 hearing. The

*Rustamova I* court also acknowledged that the VE testimony was less than clear. *See Rustamova I*,

2012 WL 2178981 at *7 (finding that "the VE *appears to testify* that fewer than 1,000 small-products

Page 9 - FINDINGS AND RECOMMENDATION

assembly jobs would actually be available to Plaintiff) (emphasis added).  The ALJ failed to question

the VE at the second hearing in 2013. As a result, the Court is compelled to agree with the

Commissioner that the record has not been fully developed and further proceedings are necessary

to determine if a significant number of jobs exist in the national economy for someone with

Rustamova's limitations. Although unlikely, it is at least conceivable that a VE could identify a

significant number of small parts assembly jobs that exist in the national economy for a largely

sedentary individual who is completely illiterate in English.

This Court endorses Rustamova's frustration with the Commissioner's repeated concessions

of error on appeal, especially because the conceded error is at step-five, where the Commissioner

bears the burden. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the

Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again'

system of disability benefits adjudication."). Indeed, other circuit courts have held that an immediate

award of benefits is appropriate where, as here, the Commissioner has failed to meet the step-five

burden. *See, e.g., Cahill v. Colvin*, No. 12 Civ. 9445(PAE)(MHD), 2014 WL 7392895, at *13

(S.D.N.Y. Dec. 29, 2014) ("The Second Circuit has consistently emphasized the importance of the

Commissioner's burden to support her step-five determination with substantial evidence, and has

held that a direct reversal with a remand only to calculate damages is warranted when the ALJ has

failed to meet that burden."); *Talbot v. Heckler*, 814 F.2d 1456, 1466 (10th Cir. 1987) ("Where the

burden is on the Secretary at step five of the disability process to produce evidence that the claimant

can perform other work, and the Secretary does not meet that burden, reversal is appropriate."); *see*

*also Bowers v. Colvin*, C.A. No. 13–837–SLR–SRF, 2015 WL 603364, at *5 (D. Del. Feb. 12, 2015)

("Because the ALJ's findings from the second hearing have not corrected the deficiencies from the

first proceeding, especially in light of the complete absence of any questions posed to the VE by the

ALJ in the second hearing, I recommend that the court award benefits in favor of [claimant].”). The

logic in those cases also applies here, and this Court is deeply concerned about being part of a

process that provides the Commissioner with repeat opportunities to correct her conceded error,

while a claim for disability benefits languishes for nine years. Surely this cannot be the process

Congress intended.

However, the Ninth Circuit has clearly instructed that the district court may not “move from

[the] conclusion [that the ALJ failed to comply with the remand orders] directly to an order requiring

the payment of benefits without the intermediate step of analyzing whether, in fact, the claimant is

disabled.” *Strauss*, 635 F.3d at 1138; *see also id*. (“‘Obduracy is not a ground on which to award

benefits; the evidence properly in the record must demonstrate disability.’” (quoting *Taylor v.

Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005))). Unfortunately, the Court cannot make that

determination in the absence of clear VE testimony about whether a sufficient number of jobs exist

in the national economy for someone with Rustamova’s limitations. Accordingly, the Court must

recommend remand for further administrative proceedings.

### V. CONCLUSION

For the reasons stated above, the Court recommends granting the Commissioner’s motion

to remand for further administrative proceedings (ECF No. 20). In light of the nine-year pendency

of Rustamova’s application for disability benefits, this Court encourages the Commissioner to act

with due haste in evaluating this matter on remand.[2]

---

[2] The Court also notes that the ALJ’s second decision, issued in 2013, relied on a VE hypothetical for a person that was forty-four years old, even though Rustamova turned forty-five in 2010. On remand, the ALJ should also address whether this would have any impact on the resolution

Page 11 - FINDINGS AND RECOMMENDATION

## VI. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.  If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 19th day of March, 2015.

STACIE F. BECKERMAN
United States Magistrate Judge

of this claim. *See generally Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value."); 20 C.F.R. § 416.963(c) ("[I]n some circumstances, we consider that persons age 45–49 are more limited in their ability to adjust to other work than persons who have not attained age 45."); *Arrington v. Soc. Sec. Admin.*, 358 F. App'x 89, 95 (11th Cir. 2009) ("The Medical–Vocational Guidelines [i.e., the grids] provide that an individual aged 45 to 49 will be found disabled if the individual (1) is restricted to sedentary work; (2) is unskilled or has no transferable skills; (3) can no longer perform past relevant work; and (4) is unable to communicate in English or is illiterate."); *but cf. Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988) ("[T]he grids will be inappropriate where the predicate for using the grids—the ability to perform a full range of either medium, light or sedentary activities—is not present."); *Haynes*, 416 F.3d at 628 ("Appendix 2 [which contains and discusses the grids] clearly envisions cases like [the claimant]'s, in which the claimant has a 'hybrid' RFC, and does not mandate the use of the grids in such cases.").