# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ULMASKHON RUSTAMOVA**, | Case No. 3:13-cv-02322-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Ulmaskhon Rustamova ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income under Title II of the Social Security Act. United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation ("F&R") in this case on March 19, 2015. Dkt. 23. Judge Beckerman recommended granting the Commissioner's motion to remand for further administrative proceedings. Dkt. 20. Plaintiff timely filed objections, to which Defendant responded. Dkts 25, 26. For the reasons below, the Court declines to adopt the F&R and remands this case for the immediate award of benefits.

## STANDARD OF REVIEW

In a social security case decided in the first instance by a magistrate judge, review of the magistrate's opinion entails review of the underlying social security decision. Therefore, two decisions in this case are subject to review by this Court—the first by the Commissioner, and the second by Judge Beckerman. By statute, the two decisions are entitled to two different standards of review.

### A.  The F&R

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Nor, however, does the Act "preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

### B.  The Commissioner's Decision

The Court must affirm the Commissioner's decision if it is free of legal error and its findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere

scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In reviewing the Commissioner's decision, the Court "must consider the entire record as a whole." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation marks omitted). The Court may not affirm the Commissioner "simply by isolating a specific quantum of supporting evidence"; nor may the Court affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.* (quotation marks omitted); *see also Bray*, 554 F.3d at 1226. But as long as "the agency's path may reasonably be discerned," the Court must affirm the agency's decision, even though the agency may have explained it with "less than ideal clarity." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation marks omitted).

## BACKGROUND

### A. Plaintiff's Application and First Appeal

The Court adopts the following discussion of the facts and procedural history of this case as articulated by Judge Beckerman in the F&R:

Plaintiff is a forty-nine-year-old Uzbek woman who has the equivalent of an eighth-grade education. Her past relevant work experience consists of employment as a dairy farm laborer. She cannot speak, read, or understand English. After immigrating to the United States from Russia, where she received a disability pension, Plaintiff filed an application for supplemental security income on November 29, 2006, alleging a disability onset date of November 1, 2004. Plaintiff claims that she is disabled and unable to work due to degenerative disc disease,

degenerative joint disease in her left knee, obesity, chronic pain syndrome, memory loss, and depression.

This is Plaintiff's second appeal to the district court. In *Rustamova v. Astrue*, No. 3:11–cv-751-BR, 2012 WL 2178981, at *3 (D. Or. June 13, 2012) ("*Rustamova I*"), as in the present litigation, the Commissioner acknowledged that the Administrative Law Judge ("ALJ") committed reversible error during administrative proceedings. In *Rustamova I*, the Commissioner requested, and was granted, a remand for further proceedings, so that the ALJ could: (1) reevaluate the opinion of a physician; (2) further consider Plaintiff's mental impairments of post-traumatic stress disorder and auditory hallucinations; (3) properly consider the lay witness testimony provided by Plaintiff's son; (4) consider Plaintiff's obesity; (5) update the record to include a Psychiatric Review Technique Form and/or psychiatric consultative examination; (6) reassess Plaintiff's residual functional capacity assessment ("RFC"); and (7) "if necessary, consider further at [step-five of the sequential process], with the assistance of additional testimony by a [vocational expert], whether [Plaintiff] is able to perform other work in the national economy[.]" *Id.* at *3 & 7.

As in this second appeal, the parties in *Rustamova I* disputed whether the Commissioner had met her step-five burden of proving that Plaintiff is able to perform other work in the national economy. At the first administrative hearing in January 2010, a vocational expert ("VE") testified that there "may be some types of assembly [jobs] that would be feasible . . . but certainly not the full range of those occupations." AR 423. The VE further testified that while thousands of relevant assembly jobs exist, those numbers would be reduced in light of Plaintiff's sedentary limitations and language barrier:

> We would definitely be looking at a reduction of the numbers. State-wide figures show 8,900 with just over 288,000 nationally.

> We'd be looking at a reduction in numbers both due to the
> sedentary factor and the language barrier. And there's really not a
> way to gauge what percentage of jobs would be rendered
> infeasible, but the majority of them.

AR 424. The ALJ asked, "[w]ould you say a thousand – or more than a thousand would be

available at the sedentary level?" *Id.* The VE responded, "at the sedentary level, yes[,]" but then

clarified, "[b]ut if there's complete illiteracy in English, even in terms of giving and receiving

basic instructions, that's – in my opinion, that's a more significant barrier by far than the

sedentary restriction." *Id.*

        In his original opinion, the ALJ concluded that based on the above VE testimony that

"more than 1,000 jobs would be available at the sedentary level," there were existing jobs in

significant numbers in the national economy that Plaintiff could have performed, and therefore

the ALJ found Plaintiff to be "'not disabled.'" AR 18. On appeal, the *Rustamova I* court,

reviewing the VE testimony, found that "the VE appears to testify that *fewer* than 1,000 small-

products assembly jobs would actually be available to Plaintiff." *Rustamova I*, 2012 WL

2178981 at *7 (emphasis added). Noting that there is no "bright line [rule] as to the number of

jobs that constitute a 'significant number' at [s]tep [f]ive," the *Rustamova I* court concluded that

the VE's testimony did "not clearly establish the Commissioner failed to meet h[er] burden at

[s]tep [f]ive." *Id.* The *Rustamova I* court remanded the case for further proceedings. *Id.*

        On remand, the same ALJ convened a second administrative hearing, on July 30, 2013.

AR 1376-83. At the eight-minute hearing, the ALJ heard testimony from Plaintiff, who was

represented by counsel and assisted by an interpreter. The VE who appeared at the first hearing

was also present for the second hearing, but the ALJ did not ask the VE any questions. Rather,

the ALJ simply noted that he had a copy of the transcript from the first hearing.

In a written decision issued on September 24, 2013, the ALJ applied the five-step

sequential evaluation process, and found that Plaintiff was disabled on and after March 1, 2011,

but was not disabled prior to March 1, 2011. AR 430-443. A year later, the Social Security

Administration Appeals Council denied Plaintiff's petition for review, making the ALJ's order

the final agency order. Plaintiff timely appealed.

**B.  The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential

process asks the following series of questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R.
      §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving
      significant mental or physical duties done or intended to be done for pay
      or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing
      such work, she is not disabled within the meaning of the Act. 20 C.F.R.
      §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing
      substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's
      regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An
      impairment or combination of impairments is "severe" if it significantly
      limits the claimant's physical or mental ability to do basic work activities.
      20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death,
      this impairment must have lasted or be expected to last for a continuous
      period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the
      claimant does not have a severe impairment, the analysis ends. 20 C.F.R.

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

At the first step of the five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2004, the alleged disability onset date. At the second step, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, obesity, degenerative joint disease in the left knee, depression, posttraumatic stress disorder, and anxiety disorder.

At the third step, the ALJ found that Plaintiff's combination of impairments were not the equivalent of those on the Listing of Impairments prior to March 1, 2011, the date she became disabled.[1] The ALJ then assessed Plaintiff's RFC and found that prior to March 1, 2011, she could lift and carry ten pounds frequently and twenty pounds occasionally, sit for up to six hours and stand or walk for up to two hours in an eight-hour workday, and perform simple, repetitive tasks. The ALJ also indicated that Plaintiff was illiterate in English and could have no contact with the public.

At the fourth step, the ALJ noted that Plaintiff was unable to perform any past relevant work. At the fifth step, the ALJ found that, in light of Plaintiff's age, education, work experience, and RFC, and based only on the VE's testimony from the first hearing, there were jobs existing in significant numbers in the national economy that Plaintiff could perform before

---

[1] The Listing of Impairments is found at 20 C.F.R. Part 404, Subpart P, Appendix 1, and described at 20 C.F.R. §§ 404.1525, 404.1526, 416.925, 416.926.

March 1, 2011. The ALJ, therefore, concluded that Plaintiff was not disabled before March 1,

2011, as defined by the Social Security Act. AR 430-443.

The Commissioner has now conceded that "[i]t was error for the ALJ to rely upon the

earlier vocational expert testimony, as this opinion was found to not be based on substantial

evidence largely forming the basis of the remand." Def.'s Br. & Mot. Remand at 4.

## DISCUSSION

The only issue before the Court is whether this case should be remanded for further

proceedings or for an award of benefits. In explaining her recommendation to remand for further

proceedings, Judge Beckerman wrote the following:

> Upon a review of the record, the Court agrees with the parties that
> the Commissioner failed to meet her burden at step-five of the
> sequential evaluation process. The Commissioner concedes error,
> but opposes remand for an immediate award of benefits, claiming
> that "issues remain outstanding that prevent a final determination
> as to [Rustamova]'s disability from being made upon this
> record[.]" (Def.'s Br. & Mot. Remand at 5.) The Commissioner
> acknowledges the need for "further administrative proceedings at
> step five of the sequential evaluation to determine if there were a
> significant number of jobs Plaintiff could perform prior to March
> 1, 2011, with the assistance of expert vocational testimony."
> (Def.'s Br. & Mot. Remand at 4.) Rustamova responds that the
> Commissioner "identifies no issue that her ALJ has not already had
> the chance to consider twice." (Pl.'s Reply Br. at 3.)
>
> This Court agrees with Rustamova that it is unfair to remand this
> case to allow the Commissioner a third opportunity to satisfy her
> burden at step-five of the sequential evaluation process. In the
> absence of controlling precedent, this Court would agree that the
> appropriate result here, where the Commissioner has twice failed
> to satisfy her step-five burden, is remand for an immediate award
> of benefits. Unfortunately, however, this Court is bound by
> precedent to remand the case for further administrative
> proceedings.

Dkt. 23 at 7. Both the F&R and the Commissioner cite *Treichler v. Comm'r of Soc. Sec. Admin.*,

775 F.3d 1090 (9th Cir. 2014), and *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135

(9th Cir. 2011), for the proposition that remand for further proceedings is required in this case. The Court agrees with the F&R that it would be unfair to remand this case to allow the Commissioner a third opportunity to satisfy her burden at step-five of the sequential evaluation process. As explained below, however, the Court disagrees with the F&R and the Commissioner that a remand for further proceedings in this case is required by *Treichler*, *Strauss*, or other Ninth Circuit precedent.

## A. *Treichler*

The Commissioner and the F&R rely primarily on the Ninth Circuit's recent decision in *Treichler* for the proposition that remand for further proceedings is mandatory in this case. *Treichler* involved the application of the "credit-as-true" or "*Varney*"[2] rule. Under the credit-as-true rule, a reviewing court may credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Treichler*, 775 F.3d at 1101-02.

The claimant in *Treichler* complained of lower back pain, right knee pain, ankle pain, difficulty emptying his bladder, and fecal incontinence after suffering a work-related injury. 775 F.3d at 1094. Following an unfavorable decision by the Commissioner, the claimant sought judicial review, and the district court affirmed in part and reversed and remanded in part. *Id.* at 1093. The claimant appealed, seeking a remand for payment of benefits based on the ALJ's

---

[2] This name derives from *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988). *See also Vasquez v. Astrue*, 572 F.3d 586, 598-601 (9th Cir. 2009) (Hawkins, J., concurring) (discussing *Varney* and its progeny).

improper adverse credibility finding. *Id.* The Ninth Circuit determined that the ALJ erred in failing to identify what portions of the claimant's testimony were not credible and in failing to explain how the ALJ arrived at that conclusion. *Id.* But, it rejected the argument that claimant's testimony regarding his urinary incontinence, fecal incontinence, and disabling pain, combined with the VE's testimony that a person with such issues would not be able to maintain employment, warranted a remand for payment of benefits. *Id.* at 1103. The Ninth Circuit determined that the record contained "significant factual conflicts" between the claimant's testimony and the objective medical evidence. *Id.* at 1104. Specifically, the claimant testified that he would lose control of his bladder during the day, though treatment notes showed that the urinary incontinence issue occurred only at night. *Id.* He also testified that he experienced fecal incontinence, but the one medical report on the issue stated that the claimant complained of constipation and denied problems with fecal incontinence. *Id.* The claimant further testified that he had debilitating pain twice a week, though he reported to a physician that his pain medication made life tolerable and stated, during the hearing, that the medication alleviates a lot of the pain. *Id.* Based on these conflicts in the medical evidence, the Ninth Circuit concluded that a remand for further proceedings, rather than payment of benefits, was the appropriate remedy. *Id.* at 1107.

Here, unlike *Treichler*, this case involves neither conflicting medical evidence nor application of the credit-as-true rule. Instead, the only question here is whether the Court has the discretion to remand for an award of benefits where the Commissioner has twice failed to meet her burden at step five of the sequential analysis. The Ninth Circuit has long held that the reviewing court has the discretion to remand a case either for further administrative proceedings or for a finding of disability and award of benefits. *Rodriguez v. Bowen*, 876 F.2d 759, 763

(9th Cir. 1989). *Treichler* does not disturb this longstanding principle, and in fact, reiterates that

the remand for benefits is discretionary. As the court in *Treichler* explained:

> There are sound practical reasons why we have viewed our own
> decisions in this area as discretionary, namely because the decision
> whether to remand for further development of the administrative
> record or to direct an immediate award of benefits is a fact-bound
> determination that arises in an infinite variety of contexts, and
> narrow rules do not serve well in such a situation. Our case law
> strikes a balance between the ordinary remand rule that generally
> guides our review of administrative decisions and the additional
> flexibility provided by § 405(g), and thus we generally remand for
> an award of benefits only in rare circumstances, where no useful
> purpose would be served by further administrative proceedings and
> the record has been thoroughly developed.

*Treichler*, 775 F.3d at 1100 (citation and quotation marks omitted). Accordingly, *Treichler* does

not require a remand for further proceedings where the Commissioner has twice failed to meet

her burden at step five of the sequential analysis.

**B.  *Strauss***

*Strauss* similarly does not require a remand for further proceedings where, as in this case,

the Commissioner has twice failed to meet her burden at step five of the sequential analysis. The

Commissioner emphasizes language in *Strauss* stating that "[a] claimant is not entitled to

benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the

ALJ's errors may be." *Strauss*, 635 F.3d at 1138 (citing *Briscoe ex rel. Taylor v. Barnhart*, 425

F.3d 345, 357(7th Cir. 2005)). *Strauss*, however, is distinguishable.

The instant case involves the Commissioner's failure to meet her burden of proof.

*Treichler* involved an ALJ's procedural error. *Strauss*, however, involved neither the

Commissioner's failure to meet her burden of proof, nor a procedural error with respect to the

ALJ's disability determination on the merits. Rather, *Strauss* involved the ALJ's failure to

develop the record as required by a district court's prior order. *Strauss*, 635 F.3d at 1137. Thus,

the district court in *Strauss* did not undertake to determine whether the claimant was entitled to benefits under the Social Security Act, nor did it credit as true evidence that the ALJ had improperly excluded. *Id.* at 1128. Instead, the district court remanded for an award of benefits based solely on the ALJ's failure to follow the district court's prior orders. *Id.* It was in this context that the Ninth Circuit held that the district court may not remand for a payment of benefits "without the intermediate step of analyzing whether, in fact, the claimant is disabled." *Id.* Moreover, the Court in *Strauss* maintained the longstanding rule that a district court may remand for payment of benefits rather than for further proceedings, provided "the record has been developed fully and further administrative proceedings would serve no useful purpose." *Id.* at 1138 (citing *Benecke*, 379 F.3d at 593). Accordingly, *Strauss* does not mandate a remand for further proceedings where the ALJ has repeatedly failed to meet its burden at step five of the sequential analysis.

## C.  Remand

The final question requiring resolution is whether the Court should, at its discretion, remand this case for further proceedings or for an award of benefits. Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner '*with or without* remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir.2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler*, 775 F.3d at 1099-1100. The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100.

Here, no additional proceedings are necessary. It is undisputed that Plaintiff has made her prima facie case by meeting her burden at steps one through four of the sequential analysis. *See Tackett*, 180 F.3d at 1100 (holding that the claimant bears the burden of proof at steps one through four). The Commissioner, however, has twice failed to meet her burden. *See id.* (holding that at step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience"). When the Commissioner fails to meet this burden, the claimant is disabled and is entitled to benefits. 20 C.F.R. § 404.1520(g); *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099. *See also Smith v. Colvin*, 554 F. App'x 568, 569 (9th Cir. 2014) (remanding for benefits where "the Commissioner did not meet her burden at step five of demonstrating that substantial gainful work exists in the national economy"); *Glass v. Barnhart*, 163 F. App'x 470, 473 (9th Cir. 2006) (remanding for an award of benefits where "the Commissioner did not produce evidence that [claimant] could perform a significant number of jobs in the national economy").[3]

Further, although the district court in *Rustamova I* exercised its discretion to remand for further proceedings, it was not required to do that. In the VE's testimony regarding whether

---

[3] The Court notes Judge Beckerman's careful analysis in the F&R of case law in other Circuit's holding that an award of benefits is appropriate where, as here, the Commissioner has failed to meet her burden at step five of the sequential analysis. *See, e.g., Jones v. Astrue*, 650 F.3d 772, 777 (D.C. Cir. 2011) ("[W]hen a claimant makes out his prima facie case and the agency fails to carry its burden of showing the claimant could perform 'other work,' the district court may remand the case to the Commissioner with instructions to award the claimant benefits."); *Talbot v. Heckler*, 814 F.2d 1456, 1466 (10th Cir. 1987) ("Where the burden is on the Secretary at step five of the disability process to produce evidence that the claimant can perform other work, and the Secretary does not meet that burden, reversal is appropriate."); *Cahill v. Colvin*, 2014 WL 7392895, at *13 (S.D.N.Y. Dec. 29, 2014) ("The Second Circuit has consistently emphasized the importance of the Commissioner's burden to support her step-five determination with substantial evidence, and has held that a direct reversal with a remand only to calculate damages is warranted when the ALJ has failed to meet that burden.").

Plaintiff is able to perform other work in the national economy, the VE testified that, although

thousands of relevant jobs exist, those numbers would be reduced in light of Plaintiff's sedentary

limitations and language barrier. The VE further testified:

> We would definitely be looking at a reduction of the numbers.
> State-wide figures show 8,900 with just over 288,000 nationally.
> We'd be looking at a reduction in numbers both due to the
> sedentary factor and the language barrier. And *there's really not a*
> *way to gauge what percentage of jobs would be rendered*
> *infeasible*, but the majority of them.

AR 424 (emphasis added). Thus, according to the VE, there is no meaningful or accurate way to

determine whether Plaintiff is able to perform other work existing in the national economy.

Based on this testimony, the Court concludes that remand for further proceedings will serve no

useful purpose and would do nothing other than encourage speculation. *Hill v. Astrue*, 698 F.3d

1153, 1162 (9th Cir. 2012) (citation omitted) (holding that a court may direct an award of

benefits "where no useful purpose would be served by further administrative proceedings and the

record has been thoroughly developed."). Moreover, allowing the Commissioner a third

opportunity to try to meet her burden at step five would create the very "'heads we win; tails,

let's play again' system of disability benefits adjudication," that the Ninth Circuit has repeatedly

cautioned against. *Benecke*, 379 F.3d at 595.

      For all of these reasons, because the Commissioner did not produce evidence that

Plaintiff could perform work that exists in significant numbers in the national economy and a

second remand will serve no useful purpose based on the VE's testimony, the Court concludes

that Plaintiff is disabled and a remand for further benefits is appropriate.

///

///

///

## CONCLUSION

The Court declines to adopt the F&R. Dkt. 23. The Commissioner's decision is

REVERSED and REMANDED for the immediate award of benefits.

**IT IS SO ORDERED.**

DATED this 22nd day of May, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge