IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ULMASKHON RUSTAMOVA,

        Plaintiff,

   v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

Case No. 3:13-cv-2322-SB

**ORDER**

**Michael H. Simon, District Judge.**

On May 22, 2015, the Court reversed the Commissioner's determination that Plaintiff

was not disabled and was not entitled to disability benefits, and remanded the matter for an

immediate award of benefits. On June 30, 2015, the Court granted Plaintiff's unopposed

application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§ 2412, in the amount of $2,242.62.

Plaintiff's counsel now moves for attorney's fees of $5,541.24 pursuant to 42 U.S.C.

§ 406(b). Dkt. 32. This figure represents approximately 25 percent of Plaintiff's retroactive

benefits. Plaintiff's counsel requests an additional payment from Plaintiff of $3,298.62, which

PAGE 1 – OPINION AND ORDER

represents the requested $5,541.24 less the EAJA fee of $2,242.62 already received. Although

defendant does not object to the proposed award, this court must perform an independent review

to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the

following reasons, plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security

disability insurance claimant who was represented by an attorney "may determine and allow as

part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the

total of the past-due benefits to which the claimant is entitled by reason of such judgment."

*Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the

burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The

attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party

is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy

of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then

testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793,

808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory

maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2,

2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may

be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the

reasonableness of the requested attorney's fees, but courts may consider the character of the

representation, the results achieved, whether there was delay attributable to the attorney seeking

the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to

attorneys). *See Id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has

instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. Dkt. 32-2. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $22,164.96 in back benefits, so the requested fee award of approximately 25 percent is within the statutory maximum.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case, and finds that no downward adjustment is warranted. Plaintiff's counsel achieved excellent results for Plaintiff (remand for benefits), the representation of Plaintiff was professional, there was no significant delay attributable to Plaintiff's counsel, and the fee was in proportion to the time spent on the case and would not result in a windfall to Plaintiff's counsel. Plaintiff's counsel spent approximately 35.65 hours on the case. The effective hourly rate for the requested fee is, therefore, approximately $155.43, which is well below effective hourly rates that have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84).

**CONCLUSION**

Plaintiff's counsel's amended motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. 32) is GRANTED. Plaintiff's counsel is entitled to $5,541.24 in § 406(b) fees, representing approximately 25 percent of Plaintiff's retroactive benefits recovery. When issuing the section 406(b) check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the $2,242.62 previously awarded under EAJA and send Plaintiff's attorney the balance of $3,298.62, less any applicable administrative assessment as allowed by statute.

**IT IS SO ORDERED**.

DATED this 21st day of April, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER